IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

CHARLIE JAMES ROBERTS, JR., §
§
        Petitioner, §
§
v. §   CIVIL ACTION NO. H-04-4852
§
DOUGLAS DRETKE, §
§
        Respondent. §

**MEMORANDUM OPINION AND ORDER**

Charlie James Roberts, Jr., proceeding pro se, filed a federal habeas petition pursuant to 28 U.S.C. § 2254 challenging his state conviction. Pending before the Court is Respondent Dretke's Motion for Summary Judgment with Brief in Support (Docket Entry No. 11). Petitioner has filed a Response (Docket Entry No. 13). For the reasons discussed below, the Court will grant the motion for summary judgment and deny Roberts' petition for a writ of habeas corpus.

**I.   Factual and Procedural Background**

On August 15, 2002, a Harris County jury convicted Roberts of possession of a firearm by a felon based on events on February 2, 2002. Early that evening, Officer Jose Pena was dispatched on a service call for a disturbance involving a weapon. Upon arriving, two people attracted his attention by yelling "[t]hat's the guy. He has a gun." Upon matching Roberts with the description from

dispatch, Officer Pena parked his patrol car, exited, took cover behind the car, drew his gun and ordered Roberts to the ground.

Roberts, who was standing by himself, did not comply immediately, but eventually did so. Officer Pena waited until backup arrived and then arrested Roberts. Upon searching him, Officer Pena found a gun and bullets in Roberts' right jacket pocket, as Roberts had told him.

Although Roberts initially was indicted on aggravated assault and possession of a controlled substance, he later was indicted on possession of a firearm by a felon. Roberts was arraigned on possession of a firearm by a felon and on possession of a controlled substance. The jury acquitted Roberts of possession of a controlled substance, returned a verdict of guilty for possession of a firearm by a felon and sentenced Roberts to prison for twenty-five years.

Roberts timely appealed his conviction. The Texas Court of Appeals for the 14th District affirmed the conviction on August 28, 2003, and the Texas Court of Criminal Appeals refused a petition for discretionary review on February 11, 2004.[1] Roberts' state court application for writ of habeas corpus was denied without written order on November 10, 2004.[2]

---

[1] <u>Roberts v. State</u>, No. 14-02-00895-CR, 2003 WL 22019597 (Tex. App.–Houston[14th Dist.] Aug. 28,2003, pet. ref'd).

[2] <u>Ex Parte Roberts</u>, Application No. 20,182-03 (Tex. Crim. App. Nov. 10, 2004).

-2-

On December 22, 2004, Roberts filed pro se for federal habeas relief pursuant to 28 U.S.C. § 2254 (Docket Entry No. 1). He alleges that

(1) his conviction was obtained by the use of evidence gained from an unconstitutional search and seizure;

(2) his conviction was obtained by the use of evidence obtained from an unlawful warrantless arrest;

(3) his conviction violated the prohibition against double jeopardy because he was initially charged with aggravated assault and introduction of evidence of the aggravated assault charge prejudiced the jury;

(4) the evidence did not support the verdict because he established the defense of legal necessity;

(5) he was denied effective assistance of counsel because his attorney did not request a legal necessity instruction and did not object to the use of his prior felony convictions during trial;

(6) he was arrested without a warrant, evidence was obtained through an unconstitutional search and seizure and the evidence was not sufficient to convict him of a crime;

(7) he was denied the right to confront his accusers because hearsay was admitted at trial; and

(8) he received an illegal sentence because the enhancements were not found by the jury.

## II.  Standards of Review

**A.  Summary Judgment**

A court grants summary judgment when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine

-3-

issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Material facts are facts that may "affect the outcome of the suit under the governing law." Anderson v. Liberty Lobby, Inc., 106 S. Ct. 2505, 2510 (1986). A "genuine issue as to any material fact" requires evidence "such that a reasonable jury could return a verdict for the nonmoving party." Id.

The movant bears the "initial responsibility of informing the district court of the basis for its motion, and identifying those portions of . . . [the record], which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 106 S. Ct. 2548, 2553 (1986). Once the movant demonstrates the absence of a genuine issue of material fact, the "adverse party may not rest upon mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). "[S]ome metaphysical doubt as to the material facts, . . . conclusory allegations, . . . unsubstantiated assertions . . . or . . . only a scintilla of evidence" does not suffice. Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 106 S. Ct. 1348, 1356 (1986); Lujan v. Nat'l Wildlife Fed'n, 110 S. Ct. 3177, 3188 (1990); Hopper v. Frank, 16 F.3d 92, 97 (5th Cir. 1994); Davis v.

Chevron USA, Inc., 14 F.3d 1082, 1086 (5th Cir. 1994)) (internal quotation marks omitted).

When considering a summary judgment motion, the court resolves any doubts and draws any inferences in favor of the nonmoving party. Hunt v. Cromartie, 119 S. Ct. 1545, 1552 (1999). Additionally, the court should construe liberally the petitions of prisoners seeking habeas relief. See Haines v. Kerner, 92 S. Ct. 594 (1972) (per curiam). Procedural rules must give way at times because of the "unique circumstance of incarceration." McNeil v. United States, 113 S. Ct. 1980, 1984 (1993) (citing Houston v. Lack, 108 S. Ct. 2379, 2385 (1988)). Overall, the court holds pro se complaints to "less stringent standards than formal pleadings drafted by lawyers." Haines, 92 S. Ct. at 596.

**B.    AEDPA**

The federal courts' power to issue writs of habeas corpus to prisoners challenging state convictions is subject to relevant portions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Congress enacted the statute to prevent "retrials" of state criminal actions, Bell v. Cone, 122 S. Ct. 1843, 1849 (2002), and "'to further the principles of comity, finality, and federalism.'" Woodford v. Garceau, 123 S. Ct. 1398, 1401 (2003) (quoting Williams v. Taylor, 120 S. Ct. 1479 (2000)).

A district courts may grant a state prisoner's application for a writ of habeas corpus based on a claim that was adjudicated on

the merits in state court in only tow situations.  First, the writ may be granted if the state decision was "contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme court of the United States ...." 28 U.S.C. § 2254(d)(1).  Second, the writ may be granted if the state decision was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Id. § 2254(d)(2).  A decision is contrary to federal law if a state court "applies a rule that contradicts the governing law in [Supreme Court] cases."  Williams, 120 S. Ct. at 1519.  A decision is based on an unreasonable application if the state court "identifies the correct governing principle from [the Supreme court's] decisions but unreasonable applies that principle to the facts."   Id. at 1523.

   This court presumes a determination of the facts by a state court is correct, and the "applicant has the burden of rebutting the presumption of correctness by clear and convincing evidence."  28 U.S.C. § 2254 (e)(1).  The court will hold an evidentiary hearing to develop the factual basis of a claim only if the claim relies on a new rule of constitutional law made retroactive to cases on collateral review by the Supreme court, id., § 2254 (e)(2)(A)(i), if the claim relies on a factual predicate that could not have been discovered previously through the exercise of due diligence, id., § 2254 (e)(2)(A)(ii), or if the applicant shows that "the facts

-6-

underlying the claim would be sufficient to establish by clear and convincing evidence that but for the constitutional error, no reasonable fact-finder would have found the applicant guilty of the underlying offencs." Id., § 2254(e)(2)(B).

### III. Analysis

**A. Unconstitutional Search and Seizure**

Roberts claims that his conviction was obtained by the use of evidence gained from an unconstitutional search and seizure.[3] "[W]here the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." Stone v. Powell, 96 S. Ct. 3037, 3056 (1976). "[I]t is the existence of state processes allowing an opportunity for full and fair litigation of fourth amendment claims, rather than a defendant's use of those processes, that serves the policies underlying the exclusionary rule and bars federal habeas corpus consideration of claims under Stone v. Powell." Christian v. McKaskle, 731 F.2d 1196, 1199 (5th Cir. 1984)(citing Caver v. Alabama, 577 F. 2d 1188, 1192-93 (5th Cir. 1978)). This places the burden on the habeas petitioner to plead and prove the denial of a

---

[3] Petition for a Writ of Habeas Corpus at 7-7A, Docket Entry No. 1.

full and fair hearing in state court. Davis v. Blackburn, 803 F. 2d 1371, 1372 (5th Cir. 1986). Since Roberts did not allege that the state did not provide an opportunity for full and fair litigation, he is barred from seeking habeas relief in federal court.

**B.    Unlawful arrest**

Roberts claims that his conviction was obtained by the use of evidence obtained from an unlawful warrantless arrest.[4] A warrantless arrest requires the peace officer to have probable cause. New York v. Harris, 110 S. Ct. 1640, 1643 (1990). "Probable cause to arrest depends 'upon whether, at the moment the arrest was made . . . the facts and circumstances within [the arresting officers'] knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man believing that the [suspect] had committed or was committing an offense." Adams v. Williams, 92 S. Ct. 1921, 1924 (1972) (quoting Beck v. Ohio, 85 S. Ct. 223, 225 (1964)); Mangieri v. Clifton, 29 F.3d 1012, 1016 (5th Cir. 1994) (quoting Duckett v. City of Cedar Park, 950 F.2d 272, 278 (5th Cir. 1992)).

Officer Pena had probable cause to arrest Roberts. Officer Pena was responding to a service call for a weapon disturbance.

---

[4]Petition for a Writ of Habeas Corpus at 7-7B, Docket Entry No. 1.

-8-

(V R.R.[5] at 16-23). When Officer Pena arrived at the scene, witnesses identified Roberts as a person with a gun. (V R.R. at 24). Habeas relief will be denied on this claim.

**C.    Double jeopardy**

Roberts claims that his conviction violated the prohibition against double jeopardy because he initially was charged with aggravated assault and that introduction of evidence of the aggravated assault charge prejudiced the jury.[6] "The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution prohibits successive prosecution or multiple punishment for 'the same offence.'" Witte v. United States, 115 S. Ct. 2199, 2202 (1995). The double jeopardy prohibition does not apply unless jeopardy has attached prior to the "second" prosecution. Fransaw v. Lynaugh, 810 F.2d 518, 523 (5th Cir. 1987). In a jury trial, jeopardy attaches when the jury is empaneled. Crist v. Bretz, 98 S. Ct. 2156, 2157 (1978); Fransaw, 810 F.2d at 523.

A jury was never empaneled to hear charges of aggravated assault against Roberts. Roberts was prosecuted only for possession of a firearm by a felon and possession of a controlled substance. Habeas relief will be denied on this claim.

---

[5]"R.R." refers to the reporter's record.

[6]Petition for a Writ of Habeas Corpus at 7-7C, Docket Entry No. 1.

-9-

**D.   Sufficiency of evidence**

Roberts claims that the evidence was insufficient to support the verdict because he established the defense of legal necessity, or justification.[7]

1.   Possession of a Firearm By a Felon

In evaluating Roberts' sufficiency of evidence claim, the court must determine whether "after viewing the evidence in the light most favorable to the prosecution, <u>any</u> rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." <u>Jackson v. Virginia</u>, 99 S. Ct. 2781 (1979).  The essential elements for possession of a firearm by a felon are  (1) the accused has been convicted of a felony;  (2) the accused possesses a firearm; and (3) the possession occurs after conviction and before the fifth anniversary of the accused's release from confinement following conviction of the felony.  Tex. Penal Code Ann. § 46.04 (Vernon Supp. 2004-2005).

A reasonable trier of fact could have found beyond a reasonable doubt that Roberts had been convicted of a felony. Roberts pleaded "true" to Enhancement Paragraph One that he was convicted of the felony of possession of a controlled substance on February 1, 1989.  (III R.R. at 5).  Roberts also pleaded "true" to

---

[7]Petition for a Writ of Habeas Corpus at 8-7D, Docket Entry No. 1.

-10-

Enhancement Paragraph Two that he was convicted again of the felony of possession of a controlled substance on September 30, 1993. (III R.R. at 6).

A reasonable trier of fact could have found beyond a reasonable doubt that Roberts possessed a firearm. Officer Pena testified that Roberts possessed a gun.  (V R.R. at 27).  Officer Jimerson testified that Roberts possessed a gun. (V R.R. at 59-60). Roberts testified that he possessed a gun.  (V R.R. at 137).

A reasonable trier of fact could have found beyond a reasonable doubt the possession occurred after conviction and before the fifth anniversary of Roberts' release from confinement following conviction of the felony. Parole Officer Mooney testified that Roberts was released from prison on August 9, 2001 following conviction of the felony of felon in possession of a firearm. (V R.R. at 104-05). Officer Pena testified that Roberts possessed a gun on February 2, 2002 (V R.R. at 27**).**

    2.   <u>Necessity</u>

The essential elements for a defense of necessity include that the accused (1) reasonably believes the conduct is (2) immediately necessary to avoid (3) imminent harm.  Tex. Penal Code Ann. § 9.22(1) (Vernon 2003).  Additionally, courts have imposed a requirement that the convicted felon did not recklessly or negligently place himself in the situation. <u>United States v.</u>

Panter, 688 F.2d 268, 272 (5th Cir. 1982).  The necessity defense is available only while the convicted felon is in immediate danger. Id.  If the convicted felon possesses a gun when he is not in danger of imminent bodily harm, then the defense is not available.  United States v. Harper, 802 F.2d 115, 118 (5th Cir. 1986).

Roberts did not meet the standard for establishing a defense of necessity.  Roberts denied involvement in a physical confrontation.  (V R.R. at 135-37).  Roberts also testified that after picking up the gun and bullets he went to Rachel's house with Rachel and Lois.  (V R.R. at 137-39)  Roberts testified that the only people in the house were himself, Rachel, Lois and briefly a grocery delivery person.  (V R.R. at 168).  Officer Pena testified that when he arrived Roberts was "real calm" and not involved in a physical confrontation.  (V R.R. at 26).  During cross-examination, Officer Pena testified that Roberts did not have any blood on his clothing.  (V R.R. at 44-45)  During cross-examination, Officer Jimerson testified that Roberts did not appear to have been in a fight.  (V R.R. at 72).  Roberts' possession of a firearm was not immediately necessary to avoid imminent harm.

**E.    Ineffective assistance of counsel**

Roberts claims that he was denied effective assistance of counsel because his attorney did not request a legal necessity

instruction and did not object to the use of his prior felony convictions of the same offense during trial.[8]

The two-pronged test for determining whether counsel was ineffective requires the petitioner to show "that counsel's performance was deficient" and "that the deficient performance prejudiced the defense."  Strickland v. Washington, 104 S. Ct. 2052, 2064 (1984). Deficient performance requires that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. A deficient performance falls below an "objective standard of reasonableness" measured by "prevailing professional norms." Id. at 2064-65.  Because ineffective assistance claims occur after a conviction or adverse sentence that can distort perceptions, "judicial scrutiny of counsel's performance must be highly deferential." Id. at 2065. Defendant must overcome the presumption that counsel's conduct either "falls within the wide range of reasonable professional assistance" or was, "under the circumstances, . . . sound trial strategy." Id.

Prejudice requires that counsel's errors "deprive the defendant of a fair trial, a trial whose result is reliable." Id. at 2064.  Such deprivation occurs when "there is a reasonable

---

[8] Petition for a Writ of Habeas Corpus at 10-7D, Docket Entry No. 1.

-13-

Case 4:04-cv-04852   Document 14   Filed in TXSD on 07/25/05   Page 14 of 19

probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine the confidence in the outcome." Id. at 2068.

1.  Failure to request a legal necessity instruction

Roberts may be confused. The jury was instructed on the defense of necessity. (I C.R.[9] at 38). The conduct of Roberts' counsel falls within the standard of reasonableness measured by prevailing professional norms. Because counsel's performance was not deficient, counsel's conduct does not need to be examined for prejudicial effect.

2.  Failure to object to the use of his prior felony convictions of same offense during trial

The jury panel initially was informed of Roberts' prior felony convictions for possession of a controlled substance during voir dire. (IV R.R. at 6-7). Roberts' counsel consulted with Roberts on this issue in chambers in the presence of the prosecution and the judge. (IV R.R. at 33-35). Roberts declined the opportunity to request another jury panel and stated his intention to testify. Id. The jury was informed of Roberts' prior felony conviction for "felon in possession of a firearm" when the indictment was read.

---

[9]"C.R." refers to the clerk's record.

-14-

(V R.R. at 7, 104, 105).  During trial, Roberts testified to his prior felony convictions.  (V R.R. at 120).  In view of her client's decision to accept the jury panel and the highly deferential standard of review, Roberts' counsel's failure to object to the use of Roberts' prior felony convictions at trial falls within the standard of reasonableness measured by prevailing professional norms.  Further, given Roberts' admissions of his prior felonies on the witness stand, he cannot demonstrate prejudice.

**F.   Unlawful arrest, unconstitutional search and seizure, sufficiency of evidence**

Although Roberts' sixth claim is called "due process violations," it simply restates the claims made in the first, second and fourth claim.[10]  These claims have been addressed previously.

**G.   Right of Confrontation**

Roberts' seventh claim is that he was denied the right to confront his accusers because witnesses were not available for cross-examination and hearsay testimony of unavailable witnesses was admitted at trial.[11]  The  Sixth Amendment to the United States

---

[10] Petition for a Writ of Habeas Corpus at 10-7E, Docket Entry No. 1.

[11] Petition for a Writ of Habeas Corpus at 10-7F, Docket Entry No. 1.

Constitution made applicable to the states through the Fourteenth Amendment guarantees the accused shall have "the right . . . to be confronted with the witnesses against him." U.S. Const. amend. VI. The purpose of the Confrontation Clause is to ensure that the accused has the opportunity to cross-examine the evidence of the prosecution. Maryland v. Craig, 110 S. Ct. 3157, 3163 (1990). Thus, the Confrontation Clause works closely with the rule against hearsay, which excludes out-of-court statements unless an exception from the state rules of evidence apply. California v. Green, 90 S. Ct. 1930, 1933 (1970). The overlap, however, is not complete. Id.

The Supreme Court recently elaborated upon its interpretation of the Confrontation Clause. For out-of-court testimonial evidence, the Confrontation Clause bars admission unless there has been a showing of unavailability and a prior opportunity for cross-examination. Crawford v. Washington, 124 S. Ct. 1354, 1374 (2004); United States v. Holmes, 406 F.3d 337, 347 (5th Cir. 2005). For nontestimonial hearsay, the Confrontation Clause continues to require a showing of unavailability and "indicia of reliabilty" for admission. Holmes, 406 F.3d at 348. Cf. Crawford, 124 S. Ct. at 1374. Indicia of reliability include classification within a firmly rooted hearsay exception or particularized guarantees of

trustworthiness.  Ohio v. Roberts, 100 S. Ct. 2531, 2539 (1980), abrogated by, Crawford, 124 S. Ct. at 1374.

Although Roberts alleges that he was denied the right to confront his accusers, the State called four witnesses during trial.  (V R.R. at 15, 51, 83, 101).  Roberts' counsel had the opportunity to object to the testimony of the four witnesses and did object on numerous occasions.  (V R.R. at 26, 38, 48, 49, 53, 54, 56, 60, 62, 64, 65, 66, 67, 69, 77, 152, 158, 162, 178, 179, 180).  Roberts' counsel's objections for hearsay were overruled.  (V R.R. at 53, 54, 64, 65).  Roberts' counsel had the opportunity to cross-examine each of the witnesses. (V R.R. at 39, 68, 97, 106).

The State also offered six exhibits as evidence during trial.  (V R.R. at 20, 23, 30, 31, 95, 106).  Roberts' counsel had the opportunity to object to the exhibits.  Id.  The decision to admit or exclude evidence is within the discretion of the trial court.

The Court concludes that Roberts had the opportunity to confront the witnesses during trial.  Roberts does not assert a specific instance where the trial court admitted an out of court statement for truth of the matter asserted without a hearsay objection upon which the trial court ruled.  The Court concludes that the trial court did not abuse its discretion in admitting evidence.  This process satisfies the Confrontation Clause's requirements.  Habeas relief will be denied.

-17-

**H.    Illegal Sentence**

Roberts' eighth claim is that he received an illegal sentence because the sentencing enhancements were not found by the jury.[12] Roberts invokes the Supreme Court's recent decision regarding sentencing enhancements. <u>Blakely v. Washington</u>, 124 S. Ct. 2531 (2004).

When determining a sentence, any fact, other than a prior conviction, that increases the penalty of a crime beyond the prescribed statutory maximum must be submitted to a jury and must be proved beyond a reasonable doubt. <u>Apprendi v. New Jersey</u>, 120 S. Ct. 2348, 2362-63 (2000). In accordance with this rule, a judge may not use sentencing factors to impose any sentence outside the statutory maximum from sentencing guidelines unless either the defendant admits the required fact or a jury finds the required fact beyond a reasonable doubt. <u>Blakely</u>, 124 S. Ct. at 2537.

In Roberts' case, the jury sentenced him to twenty-five years of confinement in the institutional division of the Texas Department of Criminal Justice. (I C.R. at 50). The jury found Roberts guilty beyond a reasonable doubt of possession of a firearm by a felon. (I C.R. at 42). Roberts pleaded "true" to Enhancement Paragraph One that he was convicted on February 1, 1989, of the

---

[12]Petition for a Writ of Habeas Corpus at 10-7G, Docket Entry No. 1.

felony of possession of a controlled substance. (III R.R. at 5). Roberts also pleaded "true" to Enhancement Paragraph Two that on September 30, 1993, he was again convicted of the felony of possession of a controlled substance. (III R.R. at 6). The punishment assessed was less than the prescribed statutory maximum of con-finement for life. (I C.R. at 49). All of the facts necessary to impose this punishment were either admitted by Roberts or found by the jury beyond a reasonable doubt. Habeas relief will be denied.

## IV.  Conclusion and Order

For the reasons discussed above, petitioner has failed to raise a claim that would justify issuance of a writ of habeas corpus. Respondent's motion for summary judgment (Docket Entry No. 11) is **GRANTED**. The application for writ of habeas corpus (Docket Entry No. 1) is **DENIED**.

**SIGNED** at Houston, Texas, on this 25th day of July 2005.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE